IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL HUBERT,

    Petitioner,           No. 2:12-cv-1930 GGH P

   vs.

GARY SWARTHOUT, Warden,     ORDER

    Respondent.
_____/

        Petitioner, a state prisoner proceeding pro se, has filed a well written petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has consented to the jurisdiction of the undersigned.

        In 1986, petitioner was convicted of murder in the second degree while personally using a knife and sentenced to a prison term of fifteen years to life "plus one" or 16 years to life. Petitioner challenges the 2011 decision by the California Board of Parole Hearings (BPH) finding him unsuitable for parole, and in requiring him to wait five years before another eligibility hearing. Petitioner contends:1) "petitioner was arbitrarily and capriciously deprived of his due process right to a full and fair hearing by a neutral hearing body where the standards which the panel utilized in order to deny him parole are not specified by statute or regulation;" 2) "application of Cal. Pen. Code § 3041.5(b)(3), as amended by Proposition 9 (Marsy's Law), to

1

petitioner's 1986 offense violated state/federal prohibitions against the application of ex post facto law.  Petition, pp. 1, 18-35, 41, 49, 217.[1]

Petitioner breaks claim 1 into three sub-claims: a) "a 'moderate risk of danger (as opined by the latest psychological report) cannot reasonably be translated to mean 'unreasonable risk"; b) "[t]he risk assessment factors relied upon by the Board were based on an invalid, underground standard which was disapproved due to lack [of] clarity;" c) "[petitioner's ability to conduct himself in a nonviolent manner for the past 25 years indicates that he will be able to live in society without committing additional violent or dangerous antisocial acts."

As to petitioner's claim 1, including the three sub-claims outlined above, petitioner is informed that on January 24, 2011, the United States Supreme Court in a per curiam decision found that the Ninth Circuit erred in commanding a federal review of the state's application of state law in applying the "some evidence" standard in the parole eligibility habeas

---

[1] Petitioner has also parsed his grounds for challenging the BPH decision as another form of subclaims: 1) a denial of his state-created liberty interest in release on parole; 2) a deprivation of his right to a full and fair hearing; 3) a denial of an unbiased and impartial decisionmaker; 4) a failure to provide an adequate fact-based statement of reasons for finding a current lack of parole suitability; 5) failure to articulate a rational nexus between the commitment offense and a finding of current dangerousness, that is, of how the commitment offense remains probative of a current unreasonable risk of danger to the public; and 6) a violation of ex post facto laws by application of Marsy's Law.  Petition, pp. 1-2.  But subclaims 1, 2, 4 and 5, if considered in this fashion are essentially "some evidence" claims forestalled by Swarthout v. Cooke, ___ U.S. ___, 131 S. Ct. 859, 861 (2011).  See discussion re: claim 1.  As to subclaim 3, the Supreme Court has long recognized that "[a] fair trial in a fair tribunal is a basic requirement of due process." In re Murchison, 349 U.S. 133, 136, 75 S.Ct. 623 (1955); Withrow v. Larkin, 421 U.S. 35, 46, 95 S.Ct. 1456 (1975); Bracy v. Gramley, 520 U.S. 899, 904–05, 117 S.Ct. 1793 (1997); see also, Stivers v. Pierce, 71 F.3d 732, 741 (9th Cir. 1995)  "Fairness requires the absence of actual bias ... .and even the probability of unfairness." Murchison, 349 U.S. at 136.  The Supreme Court counts a 'neutral and detached' hearing body as among the "minimum due process requirements" for a parole board. Morrissey v. Brewer, 408 U.S. at  489, 92 S. Ct. 2593.  "Because parole board officials perform tasks that are functionally comparable to those performed by the judiciary, they owe the same duty: 'to render impartial decisions in cases and controversies that excite strong feelings because the litigant's liberty is at state.'" O'Bremski v. Maass, 915 F.2d 418, 422 (9th Cir. 1990).  However, petitioner does not provide a sufficient basis from the record to support a claim of bias; he essentially asserts that because his parole eligibility was denied, or the panel used the wrong standards, or committed other error, the panel was biased.  The bias claim is nothing more than a "some evidence" claim in disguise.  Finally, as to subclaim 6, that is addressed in the discussion in the main text under claim 2.

context.  Swarthout v. Cooke, ___ U.S. ___, 131 S. Ct. 859, 861 (2011).  Quoting, inter alia, Estelle v. McGuire, 502 U.S. 62, 67, 112 S. Ct. 475 (1991), the Supreme Court re-affirmed that "'federal habeas corpus relief does not lie for errors of state law.'"  Id.  While the high court found that the Ninth Circuit's holding that California law does create a liberty interest in parole was "a reasonable application of our cases" (while explicitly not reviewing that holding),[2] the Supreme Court stated:

> When, however, a State creates a liberty interest, the Due Process Clause requires fair procedures for its vindication-and federal courts will review the application of those constitutionally required procedures. In the context of parole, we have held that the procedures required are minimal.

Swarthout v. Cooke, at 862.

Citing Greenholtz,[3] the Supreme Court noted it had found under another state's similar parole statute that a prisoner had "received adequate process" when "allowed an opportunity to be heard" and "provided a statement of the reasons why parole was denied." Swarthout v. Cooke, at 862.  Noting their holding therein that "[t]he Constitution [] does not require more," the justices in the instances before them, found the prisoners had "received at least this amount of process: They were allowed to speak at their parole hearings and to contest the evidence against them, were afforded access to their records in advance, and were notified as to the reasons why parole was denied." Id.

---

[2] While not specifically overruling Hayward v. Marshall, 603 F.3d 546 (9th Cir. 2010) (en banc), the Supreme Court instead referenced Pearson v. Muntz, 606 F.3d 606 (9th Cir. 2010), which further explained Hayward.  Thus, the Supreme Court's decision in Swarthout, essentially overruled the general premise of Hayward.  When circuit authority is overruled by the Supreme Court, a district court is no longer bound by that authority, and need not wait until the authority is also expressly overruled. See Miller v. Gammie, 335 F.3d 889, 899-900 (9th Cir. 2003) (en banc).  Furthermore, "circuit precedent, authoritative at the time it was issued, can be effectively overruled by subsequent Supreme Court decisions that 'are closely on point,' even though those decisions do not expressly overrule the prior circuit precedent." Miller, 335 F.3d at 899 (quoting Galbraith v. County of Santa Clara, 307 F.3d 1119, 1123 (9th Cir. 2002)).  Therefore, this court is not bound by Hayward.

[3] Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 16, 99 S. Ct. 2100 (1979).

1           Petitioner has provided a copy of the BPH subsequent parole consideration
2   hearing at issue in this action which demonstrates that petitioner was "allowed an opportunity to
3   be heard" and "provided a statement of the reasons why parole was denied." <u>Swarthout</u>, at 862;
4   see Exhibit to Petition, pp. 217-266.[4]
5           The Supreme Court was emphatic in asserting "[t]hat should have been the
6   beginning and the end of the federal habeas courts' inquiry...." <u>Swarthout v. Cooke</u>, at 862. "It
7   will not do to pronounce California's 'some evidence' rule to be 'a component' of the liberty
8   interest...." <u>Id</u>., at 863. "No opinion of ours supports converting California's "some evidence"
9   rule into a substantive federal requirement." <u>Id</u>., at 862. Thus, it appears there is no federal due
10  process requirement for a "some evidence" review and federal courts are precluded from review
11  of the state court's application of its "some evidence" standard.
12          Moreover, petitioner cannot successfully argue that every asserted departure from
13  what he believes to be required by California law is transmuted into a due process violation.
14  <u>Swarthout</u> would be meaningless if it could be so easily avoided.
15          As to claim 2, petitioner's claim that Cal. Pen. Code § 3041.5(b)(3), as amended
16  by Marsy's Law (Proposition 9), is an ex post facto law resulting in an increased deferral period
17  (in the instant case, five years) before his next parole suitability hearing is not a challenge to the
18  parole denial decision itself and is, therefore, not cognizable under 28 U.S.C. § 2254. Although
19  petitioner's ultimate goal is a speedier release from incarceration, the immediate relief sought on
20  this ground vis-a-vis Marsy's Law is a speedier *opportunity* to *attempt* to convince BPH once
21  again that he should be released; that is too attenuated from any past finding by the BPH of
22  parole suitability for such a claim to sound in habeas. Rather this claim is a challenge to the
23  constitutionality of state procedures denying parole eligibility or suitability and could properly
24  proceed pursuant to an action under 42 U.S.C. § 1983. <u>Skinner v. Switzer</u>, ___U.S.___, 131 S.
25
26          [4] The court references the electronic pagination.

Ct. 1289, 1298 (2011) ("Success in his suit for DNA testing would not 'necessarily imply' the invalidity of his conviction"); id,, citing Wilkinson v. Dotson, 544 U.S. 74, 82, 125 S. Ct. 1242, 1248 (2005) ("Success...does not mean immediate release from confinement or a shorter stay in prison" but "at most [a] new eligibility review...." or "a new parole hearing....").  Moreover, the High Court in Wilkinson expressly noted that a claim seeking "an injunction barring *future* unconstitutional procedures did *not* fall within habeas' exclusive domain." Id. at 81, 125 S.Ct. at 1247 [emphasis in original].   Even earlier, the Ninth Circuit had found that the challenge of inmates to a sex offender treatment program as a violation of, inter alia, the ex post facto clause and their due process rights was appropriate under § 1983 because victory could only result in "a ticket to get in the door of the parole board....," and did not undermine the validity of convictions or continued confinement.  Neal v. Shimoda, 131 F.3d 818, 824 (9th Cir. 1997).

Moreover, currently, there is a class action proceeding, Gilman v. Brown, CIV-S-05-0830 LKK GGH,[5] wherein "the procedures used in determining suitability for parole: the factors considered, the explanations given, and the frequency of the hearings" are what is at issue.  Id., p. 8 [emphasis in original].  The "frequency of the hearings" is precisely what is at issue in the instant claim.

The Gilman class is made up of:

> California state prisoners who: "(I) have been sentenced to a term that includes life; (ii) are serving sentences that include the possibility of parole; (iii) are eligible for parole; and (iv) have been denied parole on one or more occasions."

Id., p. 10.[6]

Petitioner, who was convicted of second degree murder with a sentence that includes the possibility of parole and who has been denied parole at a subsequent parole

---

[5] See Docket # 182 of Case No. 05-CV-0830.

[6] The Ninth Circuit affirmed the Order, certifying the class.  See Docket # 258 in Case No. 05-CV-0830.

consideration hearing, fits squarely within the <u>Gilman</u> class action's parameters.  As a member plaintiff of a class action for equitable relief from prison conditions, petitioner may not, as plaintiff, maintain a separate, individual suit for equitable relief involving the same subject matter of the class action.  See <u>Crawford v. Bell</u>, 599 F.2d 890, 892-93 (9th Cir.1979); <u>see also</u> <u>McNeil v. Guthrie</u>, 945 F.2d 1163,1165 (10th Cir. 1991) ("Individual suits for injunctive and equitable relief from alleged unconstitutional prison conditions cannot be brought where there is an existing class action ."); <u>Gillespie v. Crawford</u>, 858 F.2d 1101, 1103 (5th Cir.1988) (en banc) ("To allow individual suits would interfere with the orderly administration of the class action and risk inconsistent adjudications.").

      Claim 2 must be dismissed without prejudice.

      Accordingly, IT IS HEREBY ORDERED that:

      1. The petition is dismissed; and

      2. A certificate of appealability should not issue in this action.[7]

DATED: September 24, 2012

          /s/ Gregory G. Hollows
      UNITED STATES MAGISTRATE JUDGE

GGH:009
hube1930.scr

---

[7] A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2). For the reasons set forth above, petitioner has not made a substantial showing of the denial of a constitutional right.